# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SAM KOHLI ENTERPRISES, INC., a California Corporation,

Plaintiff,

vs.

THE BOC GROUP, INC., a member of the Linde Group; LINDE NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10,

Defendants.

CASE NO. 11CV299 DMS (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS THE BOC GROUP, INC. AND LINDE NORTH AMERICA, INC.**

Pending before the Court is a motion to dismiss Plaintiff's First Amended Complaint ("FAC") brought by Defendants the BOC Group, Inc., a member of the Linde Group ("BOC"), and Linde North America, Inc. ("Linde"). For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

## I.

## BACKGROUND

This action arises from an agreement between two corporations with diversity of citizenship. On December 3, 2007, Plaintiff Sam Kohli Enterprises, a corporation incorporated under the laws of the State of California, entered into a Unified Service Agreement ("the Contract") with Defendant BOC. In the Contract, Plaintiff agreed to "become the 'employer of record' for BOC's workers and to manage and assume risk for all aspects of employment taxes, including workers' compensation

insurance." (FAC ¶ 7.) BOC, an industrial supply company incorporated under the laws of the State of Delaware, agreed to "pay a set rate for each worker Plaintiff supplied," where "[t]he rate for each worker varied according to the worker[']s classification [as] . . . professional, clerical, light industrial, or industrial." (Mot. to Dismiss at 6.) A Master Rate and Services Schedule fixed the rate for each of the pertinent classifications. (FAC, Ex. A at 5.)

On December 3, 2010, Plaintiff filed a Complaint with the Superior Court for the State of California. (Doc. 1, App. A.) On February 11, 2011, Defendant Linde removed the action to federal court on the basis of diversity jurisdiction. On March 21, 2011, the parties filed a joint motion for leave to allow Plaintiff to file a FAC, which the Court granted. (Docs. 6-8.)

In the FAC, Plaintiff alleges that BOC is a wholly-owned subsidiary of Linde and that Linde owned and controlled BOC during "all relevant times." (FAC ¶ 3.) Plaintiff pleads four claims for relief as to BOC alone: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) promissory estoppel, and (4) unjust enrichment. Additionally, Plaintiff pleads a fifth claim of fraud against both BOC and Linde. On April 11, 2011, Defendants filed a motion to dismiss each of the claims in the FAC. (Doc. 10.) Plaintiff filed an opposition, Defendants filed a reply, and Plaintiff filed a motion for leave to file a sur-reply, which the Court granted. (Docs. 11, 12, 14, 16, 17.) The Court further granted Defendants' request to file a sur-reply in response. (Doc. 15.)

**II.**

**LEGAL STANDARD**

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**III.**

**DISCUSSION**

In their motion to dismiss, Defendants argue (1) Plaintiff fails to demonstrate that BOC breached the Contract, (2) Plaintiff fails to demonstrate it suffered actual harm, (3) Plaintiff's claim of a breach of the covenant of good faith and fair dealing fails because it is dependant upon the breach of contract claim, (4) Plaintiff's claim of unjust enrichment fails because it cannot be raised as an independent claim for relief, and (5) Plaintiff's second, third, fourth, and fifth claims each fail because they lack particularized factual allegations and because they are based on the breach of contract claim. Additionally, Defendants argue that an indemnification clause in the contract insulates them from liability for each of Plaintiff's claims.

**A. Indemnification Clause**

As an initial matter, Defendants argue that an indemnification clause in the contract invalidates all of Plaintiff's claims. The indemnification clause states, "[Plaintiff] shall indemnify [BOC] for any damages including attorney fees, arising in connection with [BOC's] or a Worker's negligence, recklessness, or intentional misconduct." (FAC, Ex. A at 3.) In its sur-reply, Plaintiff cites California law stating, "[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668. "However, the word 'wilful' as used . . . may be said to connote an act done with malevolence, as distinguished from an act motivated by good intentions but founded in negligence." *Davidson v. Welch*, 75 Cal. Rptr. 676, 685 (Cal. Ct. App. 1969) (referencing Insurance Code § 533, but indicating

similar considerations apply to California Civil Code § 1668). Therefore, in light of § 1668, an indemnification clause may exempt a party from liability for claims that require mere ordinary negligence, but not for claims involving fraud, willful injury, or willful or negligent violation of the law. *See Werner v. Knoll*, 201 P.2d 45, 46-47 (Cal. Ct. App. 1948) ("Contracts seeking to relieve individuals from the results of their own ordinary negligence are not invalid as against the policy of the law."). Accordingly, the indemnification clause at issue here cannot protect Defendants from liability for claims requiring more than mere negligence.

Furthermore, "the law does not look with favor upon attempts to avoid liability or secure exemption for one's own negligence, and such provisions are strictly construed against the person relying upon them." *Basin Oil Co. v. Baash-Ross Tool Co.*, 271 P.2d 122, 131 (Cal. Ct. App. 1954) (citations omitted). The indemnification clause in question is the third and final bullet under a heading excluding Plaintiff and workers from all rights to BOC's benefit plans. The first and second bullets address third party claims alleging violation of Title 7, the civil rights act, or sexual harassment. So situated, the indemnification clause is not sufficiently explicit to support Defendants' claim of entitlement to indemnification for the conduct alleged by Plaintiff at this stage. *Viotti v. Giomi*, 41 Cal. Rptr. 345, 350 (Cal. Ct. App. 1964) ("Seemingly broad language will not be isolated from its context and will be read with due regard to the maxim of strict construction.") (citing *Sproul v. Cuddy*, 280 P.2d 158, 164 (Cal. Ct. App. 1955)).

**B. Breach of Written Contract**

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages as a result of the breach. *CDF Firefighters v. Maldonado*, 70 Cal. Rptr. 3d 667, 679 (Cal. Ct. App. 2008). BOC argues Plaintiff's claim for breach of contract should be dismissed because Plaintiff has failed to demonstrate a breach or actual injury resulting from the alleged breach. Plaintiff bases the breach of contract claim against BOC on BOC's alleged intentional provision of inaccurate job descriptoins of workers. (FAC ¶ 17.) BOC argues that, per the terms of the Contract, Plaintiff was in fact responsible for classifying the workers.

//

**1. Defendant BOC's Breach**

Plaintiff alleges that BOC had a contractual duty to provide Plaintiff with an accurate job description for each employee in order to allow Plaintiff to properly classify each employee. Further, BOC had a duty to pay Plaintiff a specified rate for each worker Plaintiff supplied, depending on the worker's classification as professional, clerical, light industrial, or industrial. Rates for each classification were delineated in Plaintiff's Master Rate and Services Schedule. (FAC, Ex. A at 6.) Plaintiff alleges "BOC deliberately . . . provided inaccurate job descriptions so that it could avoid paying higher rates[,]" in violation of the Contract. (FAC ¶ 12.)

BOC claims no breach of contract occurred because Plaintiff was solely responsible for classifying employees. On BOC's theory, Plaintiff could not have "assumed the risks for all aspects of insuring [BOC's] workers," as stated in the Contract, "without also assuming responsibility for determining each worker's classification after the job description was 'pre-approved' by Plaintiff." (Mot. to Dismiss at 5.) In construing a contract, the Court should "avoid an interpretation that will make the contract unusual, extraordinary, harsh, unjust or inequitable, or which would result in absurdity." *Hertzka & Knowles v. Salter,* 86 Cal. Rptr. 23 (Cal. Ct. App. 1970)(quotations and citations omitted); *see also Sample v. Fresno Flume & Irrigation Co.*, 61 P. 1085, 1086 (Cal. 1900) (holding that under California Civil Code § 3542, "a contract should receive a reasonable interpretation"); *Shean v. Weeks*, 169 P. 231, 232 (Cal. 1917) (holding that under California Civil Code § 1644, the words of a contract are to be understood in their ordinary meaning).

Accepting Plaintiff's factual assertions as true, Plaintiff has stated a plausible claim for relief for breach of contract. Taken in their ordinary sense, the words of the Contract describe a process dependant on BOC's provision of accurate job descriptions to Plaintiff. (FAC, Ex. A at 1 ("[A] worker . . . is identified by [BOC] and placed on to [Plaintiff's] payroll . . . based on Job Requisitions that [BOC] provides."), 3 ("[Plaintiff] reserves the right to not hire a Candidate if the job description has not been pre-approved by [Plaintiff]."), 1 ("Plaintiff will extend 30 days notice prior to terminating this agreement, unless [BOC] intentionally mis-represents a job description.").) Despite BOC's correct assertion that ambiguities in a contract are construed against the drafter, *see Oceanside 84, Ltd. v. Fidelity Federal Bank,* 66 Cal. Rptr. 2d 487 (Cal. Ct. App. 1997), Plaintiff has alleged sufficient facts

to support a plausible claim for breach of contract based upon BOC's alleged provision of inaccurate job descriptions for workers.[1]

**2. Damages**

Plaintiff alleges BOC's provision of inaccurate job descriptions for employees resulted in underpayment to Plaintiff in accordance with the Master Rates and Services Table attached to the FAC. (FAC ¶ 17.) For example, Plaintiff argues, "when [BOC] provided an inaccurate job description of 'professional' rather than 'industrial' for a worker, [Plaintiff] suffered injury because it charged [BOC] a lower rate (15.75%) than [BOC was] obligated to pay (24.75%)." (Opp'n at 6.) Such an assertion, accepted as true, provides sufficient factual matter for a facially plausible claim as to damages.

BOC argues that, according to Plaintiff's original Complaint, Plaintiff suffered no actual damages due to BOC's alleged breach. BOC states that even if BOC provided inaccurate job descriptions for employees to avoid higher rates for high-risk workers, any decrease in payments made to Plaintiff was offset by an equivalent decrease in costs paid by Plaintiff to Workmans' Compensation Insurance, leaving no damages against Plaintiff. (Mot. to Dismiss at 7.) BOC argues the Court should disregard factual allegations in the FAC which contradict those in a prior Complaint. (Reply at 1.) However, the Ninth Circuit has recently held that even inconsistent pleadings may not be stricken unless the Court finds that they were made in bad faith. *PAE Gov't Servs. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007).

> There is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading.

*Id.* at 860; *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("The amended complaint supercedes the original, the latter being treated thereafter as non-existent."). Under the reasoning set forth in *PAE Government Services,* the Court accepts the factual matter of the FAC as

---

[1] Plaintiff also aleges BOC "reversed payment of invoices paid to [Plaintiff] by BOC via procurement card." (FAC ¶ 14.) However, Plaintiff fails to state any additional factual allegations in support of this claim. Accordingly, to the extent Plaintiff relies on this as a second basis for its breach of contract claim, the claim is dismissed.

true and finds Plaintiff has alleged a plausible claim as to the damages element of the breach of contract claim. Plaintiff therefore states a facially plausible claim for breach of contract and the Court **denies** BOC's motion to dismiss this claim.

**C. Fraud**

Plaintiff states a claim for fraud as to both BOC and Linde. To recover for common law fraud under California law, a plaintiff must demonstrate: (1) misrepresentation of a material fact, (2) with knowledge of its falsity, (3) with intent to defraud, (4) plaintiff's justifiable reliance on the misrepresentation, and (5) resulting damage. *Lazar v. Super. Ct.,* 12 Cal.4th 631, 638 (1996). Fraud claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003). A pleading will be "'sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer.'" *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)). The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04. In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Defendants argue Plaintiff's fraud claim contains only "boilerplate and conclusory allegations." (Mot. to Dismiss at 8.) Defendants reason that Plaintiff's assertions that BOC "purposefully provided inaccurate job descriptions in order to underpay [Plaintiff] for workers [Plaintiff] was providing [BOC]," are far too vague to provide Defendants adequate notice under the law. (Mot. to Dismiss at 8.) The Court agrees. Plaintiff alleges BOC entered into the Contract on December 3, 2007, and that Plaintiff first became aware of the alleged inaccurate job descriptions "in or about July 2010." (FAC ¶ 12.) Plaintiff also provides examples of the types of inaccurate job descriptions provided by BOC: "For example, BOC mis-classified workers as 'professional,' 'clerical,' and/or 'light industrial' when it knew the workers were in fact performing services that would have required them to be classified

as construction workers and/or in other high-risk jobs." (*Id.*) However, these allegations are not sufficiently particular to support a plausible claim for fraud. Accordingly, Defendants' motion to dismiss Plaintiff's claim for fraud is **granted.**

**D. Breach of Good Faith and Fair Dealing**

As stated above, to state a claim for breach of contract, Plaintiff must show the existence of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and damages as a result of the breach. *CDF Firefighters,* 70 Cal. Rptr. 3d. at 679. "A claim for breach of the implied covenant of good faith and fair dealing requires the same elements, except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting." *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010).

BOC argues that Plaintiff's claim for a breach of the duty of good faith and fair dealing is insufficient because it merely duplicates Plaintiff's claim for breach of contract. "If allegations do not go beyond the statement of mere contractual breach, rely on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as 'superfluous' as no additional claim is actually stated." (*See* Mot. to Dismiss at 10 (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 393 (Cal. Ct. App. 1990)).) While *Careau* certainly states that a "'breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself,'" the additional element it requires is merely bad faith on the part of the accused. *Careau,* 272 Cal. Rptr. at 399 (quoting *Congleton v. Nat'l. Union Fire Ins. Co.,* 234 Cal. Rptr. 218 (1987)).

> Thus, allegations which assert such a claim must show that the conduct of the defendant, *whether or not it also constitutes a breach of a consensual contract term*, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

*Id*. at 399-400 (emphasis added).

//

As noted above, Plaintiff states a facially plausible claim of breach of contract. Additionally, Plaintiff alleges BOC acted in bad faith when BOC "deliberately . . . provided inaccurate job descriptions so that it could avoid paying higher rates[.]" (FAC ¶ 12.) Accepted as true, Plaintiff's allegations provide a sufficient basis for a facially plausible claim of breach of the duty of good faith and fair dealing. Therefore the Court **denies** BOC's motion to dismiss this claim.

**E. Promissory Estoppel**

To state a claim for promissory estoppel, a plaintiff must allege (1) the defendant made a clear unambiguous promise to the plaintiff, (2) the defendant had reason to believe that the plaintiff would rely on the promise, (3) the plaintiff did rely on the promise, (4) and foreseeable damages resulted to the plaintiff. *See Morrison v. Home Sav. & Loan Ass'n.*, 346 P.2d 917, 920 (Cal. Ct. App. 1959) (citing *Drennan v. Star Paving Co.*, 51 Cal. 2d 409, 413 (1958)). The purpose of promissory estoppel is "to make a promise binding, under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange." *Youngman v. Nevada Irrigation Dist.*, 70 Cal. 2d 240, 249 (1969).

BOC argues the claim of promissory estoppel is redundant of the breach of contract claim and Plaintiff could not have relied on BOC's job descriptions because Plaintiff assumed all risk for employee classifications. Promissory estoppel is a claim for relief independent from a breach of contract claim. To the extent that Plaintiff's claims for promissory estoppel and breach of contract are in conflict, the federal rules allow a plaintiff to plead inconsistent claims in a complaint. *See Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985) (holding that the federal rules give freedom to plead inconsistent claims). Plaintiff argues that BOC made a promise to provide accurate job descriptions; that BOC had reason to believe Plaintiff would rely on that promise because Plaintiff could not otherwise correctly classify the workers; that Plaintiff did rely on the promise by classifying workers according to BOC's provided job descriptions; and that Plaintiff suffered foreseeable damages by accepting lower payments than it was owed. (Opp'n at 6.) Accepting Plaintiff's factual assertions as true, Plaintiff states a plausible claim for promissory estoppel. Accordingly, the Court **denies** BOC's motion to dismiss Plaintiff's promissory estoppel claim.

//

F. **Unjust Enrichment**

Unjust enrichment is not itself an independent claim for relief. *McKell v. Washington Mut*., *Inc.*, 49 Cal. Rptr. 3d 227, 254 (Cal. Ct. App. 2006). The Court therefore construes Plaintiff's purported claim for unjust enrichment as an attempt to plead a claim for relief giving rise to a right of restitution. A party is required to make restitution "if he or she is unjustly enriched at the expense of another. A person is enriched if the person receives a benefit at another's expense." *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 122 (Cal. Ct. App. 2004) (citing *First Nationwide Sav. v. Perry,* 15 Cal. Rptr. 2d 173 (1992)). Plaintiff here makes adequate factual allegations to state a facially plausible claim to a right of restitution to the value of services provided to BOC for which Plaintiff was not paid in accordance with the Contract. Therefore, the Court **denies** BOC's motion to dismiss this claim.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss is granted in part and denied in part. The Court grants Plaintiff's request for leave to amend the Complaint. Plaintiff may file an amended Complaint consistent with this Order within 20 days of entry of the Order.

**IT IS SO ORDERED.**

DATED: August 1, 2011

HON. DANA M. SABRAW
United States District Judge