PHILIP R. COSGROVE, Bar No. 92564
PCosgrove@browneassa.com
RYAN E. COSGROVE, Bar No. 277907
RCosgrove@browneassa.com
**BROWN EASSA & McLEOD LLP**
801 S. Figueroa Street, Suite 1700
Los Angeles, California 90017
Telephone:    213.533.5400
Facsimile:    213.687.2660

Attorneys for Defendants
LINDE LLC (formerly known as Linde, Inc., and
The BOC Group, Inc.) and LINDE NORTH
AMERICA, INC., a Delaware Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM KOHLI ENTERPRISES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BOC GROUP, INC., a member of the Linde Group; LINDE NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 11-CV-00299 DMS (BLM)<br><br>**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES**<br><br>(Filed concurrently with Separate Statement)<br><br>[Removed from San Diego County Superior Court, Case No. 37-2010-00105515] |

Defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde North America, Inc. (collectively "Linde"), submit this reply to plaintiff's opposition to Linde's motion to compel plaintiff Sam Kohli Enterprises, Inc. to respond to the first special interrogatories.

### I.    INTRODUCTION

Linde was required to file the motion to compel further responses to the first special interrogatories to obtain the basic supporting information regarding plaintiff's claims against

- 1 -

Linde. The motion was made after numerous attempts to get plaintiff to properly supplement their responses and respond to the interrogatories. Although plaintiff was provided several opportunities to provide the requested information, it continually failed to do so.

In its opposition, plaintiff baldly asserted it fulfilled its discovery obligations, provided "complete and straightforward answers in compliance with its responsibilities under Federal Rule of Civil Procedure 26(b)" and "furnished all information in its responses that are available to it." Plaintiff also claimed it "has engaged defendant's counsel on every occasion" when contacted regarding its improper and evasive responses. However, in direct contradiction to plaintiff's assertion, plaintiff did not respond in any manner whatsoever to Linde's last meet and confer letter. Furthermore, plaintiff's continuous failure to provide the basic facts and evidence upon which it relies to base its contentions against Linde is wholly improper and not a "complete and straightforward" response.

Plaintiff's opposition also asserts plaintiff "has gone above and beyond i[n] its efforts to show good faith" in providing third amended responses to Linde's discovery requests. However, plaintiff clearly did not go "above and beyond," when it merely rephrased its prior, improper responses, referred Linde to nonresponsive documents, provided virtually identical responses to its earlier improper responses, failed to amend or supplement its responses after performing a site inspection on June 19, 2012 and taking the deposition of Linde's person most knowledgeable. Instead, plaintiff has simply restated its general allegations and contentions and ignored Linde's requests for facts.

Furthermore, plaintiff's opposition claimed plaintiff's prior counsel at Teeple Hall LLP failed to respond to Linde's discovery and asserted "counsel from Next Law Group made every effort possible" to respond to the discovery. This argument is irrelevant and without merit, because plaintiff's present counsel has been involved since March of 2012. Further, plaintiff Sam Kholi Enterprises is the party with the obligation to fully, properly and timely respond to Linde's discovery regardless of who its counsel of record is at the time. Notwithstanding, plaintiff provided evasive and improper amended responses, despite being given numerous opportunities to correct the deficiencies.

- 2 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 1

As such, plaintiff must either (1) be ordered to provide the requested information, or (2) be precluded from later introducing any evidence and/or documents encompassed by the special interrogatories in issue.

## II. PLAINTIFF CONCEDES THE MASTER RATES AND SERVICES ADDENDUM DICTATES THE TERMS OF THE AGREEMENT

During the chambers telephonic conference with plaintiff's counsel and court clerk on July 3, 2012, plaintiff's counsel contended the Master Rates and Services addendum, which was attached to the contract and identified the four classifications to be assigned to temporary employees, did not dictate the terms of the contract. Instead, plaintiff's counsel claimed the temporary employees could be classified under different, contractually unspecified terms and descriptions and, as a result, Linde could be charged a higher rate for each employee, such as 44% demanded by plaintiff.

Interestingly, in its opposition at page 2, plaintiff conceded the Master Rates and Services addendum governed the terms of the contract, specifically the classifications and rates that could be assigned to each of the temporary employees. As indicated in Linde's underlying motion (and conceded in plaintiff's opposition), there were only four possible classifications that could be assigned to the temporary employees and four corresponding rates that could be charged to Linde (excluding the 2% rate increase if the temporary employee worked in Pennsylvania): (1) professional (15.75%); (2) clerical (17.75%); (3) light industrial (20.75%); and (4) industrial (24.75%).

As such, plaintiff has admitted in its opposition that several of its responses are inadequate and improper, because numerous responses refer to a spreadsheet plaintiff created during this litigation that asserts a 44% rate should be charged for each and every temporary employee. However, plaintiff's opposition conceded the 44% rate does not exist within the terms of the contract which plaintiff claims was breached in its first cause of action, which is incorporated into every other cause of action. (Plaintiff's Opposition, p. 2.) Accordingly, the only contract classifications available are professional, clerical, light industrial and industrial. The only rates available are those associated with those four specific classifications. Therefore, plaintiff's

- 3 -

responses to discovery and the documents it produced, which do not relate to those specific contract terms, are fabricated out of whole cloth and do not set forth facts. As established herein, those responses are improper and insufficient and Linde's motion should be granted.

### III. DESPITE PLAINTIFF'S ASSERTIONS, PLAINTIFF HAS NOT CONTINUALLY MET AND CONFERRED WITH COUNSEL FOR LINDE

In its opposition, plaintiff claimed it "has fully engaged defendant's counsel on every occasion" and "after three amended responses to these interrogatories, that it has fulfilled its discovery allegations [*sic*] and provided complete and straightforward responses in compliance with its responsibilities under Federal Rule of Civil Procedure 26(b)." However, that simply is not true.

First and foremost, plaintiff has not engaged counsel for Linde on every occasion when contacted regarding plaintiff's improper and evasive discovery responses. On June 4, 2012, counsel for Linde sent yet another letter to plaintiff's counsel regarding the evasive and improper third amended responses to special interrogatories and requests for production, which requested full and proper responses. (Ex. 13 to Linde's Motion to Compel.) Counsel for Linde also notified plaintiff's counsel of its intent to file a motion to compel if full and proper responses were not received. At the time of the filing of Linde's motion, no further responses were received from plaintiff. More significantly, plaintiff's counsel did not make any attempt to contact counsel for Linde to discuss plaintiff's improper responses after that letter.

Accordingly, it is clear plaintiff did not continually meet and confer with counsel for Linde on every occasion. Rather, plaintiff ignored counsel for Linde, in the very same manner it has ignored its discovery obligations.

### IV. PLAINTIFF DID NOT PROPERLY RESPOND TO SPECIAL INTERROGATORIES AND DID NOT PROVIDE FACTS IN SUPPORT OF ITS CONTENTIONS

Plaintiff failed to adequately respond to the special interrogatories. Instead, plaintiff continued to restate its general allegations or contentions and failed to articulate the facts that support its claim that temporary employees were misclassified. For instance:

- 4 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 1

Special Interrogatory No. 3 required plaintiff to separately set forth **as to each employee** the **specific fact(s)** relied on by plaintiff to assert that employee was misclassified. In its opposition, plaintiff claimed the "specific employees, their names, and facts relating to the misclassification of each employee are set forth in detail," and thus, the response is proper since plaintiff provided "exactly what this special interrogatory requested." Yet, plaintiff failed to address the fact it only set forth *18 employees* in its response, a particularly troubling response given that plaintiff contends over 130 employees were allegedly misclassified. Although plaintiff continues to vaguely assert that all employees were misclassified, plaintiff has not provided the facts or documents to support that claim. As such, plaintiff clearly did not provide "exactly what this special interrogatory requested."

Special Interrogatory Nos. 7, 8 and 9 required plaintiff to separately set forth each employee plaintiff contends was improperly classified as professional, clerical and light industrial, and to state how plaintiff contends those employees should have been classified pursuant to the contract. In its opposition, plaintiff claimed the responses set forth an allegation the "USA Rate Matrix was not adhered to by Linde" and the "Linde Spreadsheet" properly sets forth employee names, classifications and damages. However, the spreadsheet only refers to a "44% Construction rate," which is admitted by plaintiff to be a classification and rate *not* specified in the contract it drafted. As such, plaintiff does not properly state how plaintiff contends the employees should have been classified *under the contract* nor did plaintiff set forth the facts. Furthermore, although plaintiff references a "USA Rate Matrix," the document was not produced by plaintiff and it is not referenced at all in the contract. If plaintiff contends Linde did not adhere to the "USA Rate Matrix," plaintiff must provide the fact(s) and/or documentation to support that claim and indicate how this unknown documentation is purportedly controlling, which plaintiff clearly did not do.

Special Interrogatory No. 10 required plaintiff to state separately for each employee the specific facts upon which it relies to contend Linde was responsible for the alleged misclassification of each employee. In its opposition, plaintiff falsely claimed "[s]pecific facts were included in this response" and the response "directly provides the information sought."

- 5 -

However, plaintiff's response only contained boilerplate and conclusory allegations. Plaintiff neither provided the specific facts on which it relies to contend Linde was responsible for the misclassification of each employee nor did plaintiff set forth the facts as to how the job description for any particular employee was false or inaccurate. More importantly, plaintiff failed to amend or supplement its response after performing a site inspection and taking the deposition of Linde's person most qualified. During the site inspection, plaintiff's counsel witnessed firsthand the location in question is an office building, not a plant, factory or construction site. It is Linde's headquarters, not a construction site. Yet, plaintiff did not amend its responses to eliminate any of the employees who worked at that office building in an administrative, clerical or professional capacity and clearly were not misclassified.

Special Interrogatory No. 19 required plaintiff to separately state the amount of damages plaintiff is claiming for each temporary employee plaintiff contends was improperly classified. In its opposition, plaintiff asserted its response that a "29% worker's comp rate, as well as a rate of 44% ... [is the] proper rate for each misclassified employee" is a "proper response regarding the calculation of damages claimed by plaintiff." However, that response is clearly improper since, as conceded by plaintiff at page 2 of its opposition, there is no provision in the contract that provides for such rates. Further, plaintiff failed to produce any facts or documentation to support its contention a 29% or 44% rate could be applied under the contract. As such, plaintiff's response is evasive and improper.

Clearly, plaintiff did not provide "complete and straightforward" responses to the special interrogatories in issue and, therefore, Linde's motion should be granted.

### V. PLAINTIFF MUST BE PRECLUDED FROM SUBSEQUENTLY INTRODUCING INFORMATION TO SUPPORT ITS CLAIMS AGAINST LINDE

In its opposition, plaintiff contends it has met its discovery obligations and provided complete and straightforward responses to discovery. However, as the foregoing establishes, plaintiff repeatedly failed to fulfill its discovery obligations and plaintiff has continually provided evasive and improper response to the interrogatories.

Federal Rule of Civil Procedure 37 authorizes the court to impose a wide range of

- 6 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 1

sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules, including monetary and evidentiary sanctions. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Where relevant evidence is not provided during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. *See Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) ("the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial.") The general rule that a party must fail to obey an order before the court enters an evidence or issue sanction does not apply here. If the order to compel would be futile, the Court may instead impose an issue sanction. *New Albertsons, Inc. v. Superior Court*, 168 Cal.App.4th 1403, 1426 (2008) ("a prior order may not be necessary where it is reasonably clear that obtaining such an order would be futile"); *Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns*, 7 Cal.App.4th 27, 36 (1992) ("it is conceded that plaintiffs are unable to provide the promised items of discovery [and] [u]nder the circumstances of this case, a warning to plaintiffs, in the form of a formal order to comply, would have been futile").

Here, the special interrogatories sought information directly relevant to the claims at issue in this case. However, plaintiff continually failed to provide proper responses. Plaintiff now claims it has "furnished all information in its responses that are available to it." As such, an issue sanction is appropriate to preclude plaintiff from later introducing any additional documents or evidence regarding alleged misclassifications of temporary employees, which plaintiff should have already provided in response to Linde's discovery that was propounded on February 1, 2012.

## CONCLUSION

For the reasons set forth above, defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde North America, Inc. respectfully request that this Court grant the motion.

- 7 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 1

| | | |
|---|---|---|
| 1 | Dated: July 20, 2012 | **BROWN EASSA & McLEOD LLP** |

By: /s/ Philip R. Cosgrove
PHILIP R. COSGROVE
RYAN E. COSGROVE

Attorneys for Defendants
LINDE LLC (formerly known as Linde, Inc., and The BOC Group, Inc.) and LINDE NORTH AMERICA, INC., a Delaware Corporation

- 8 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 1

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 801 South Figueroa Street, Suite 1700, Los Angeles, California 90017. On July 20, 2012, I served a copy of the within document(s):

**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES**

☒ by transmitting via Electronic Case Filing the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| David Griffin, Esq.<br>NEXT LAW GROUP<br>501 West Broadway, Suite 800<br>San Diego, CA 92101 | *Attorneys for Plaintiff*<br><br>*(619) 222-0888*<br>*(619) 964-2075*<br><br>*Next.lawgroup@gmail.com* |

Executed on July 20, 2012, at Los Angeles, California.

_____
Liv Kirchoff

- 9 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 1