PHILIP R. COSGROVE, Bar No. 92564
PCosgrove@browneassa.com
RYAN E. COSGROVE, Bar No. 277907
RCosgrove@browneassa.com
**BROWN EASSA & McLEOD LLP**
801 S. Figueroa Street, Suite 1700
Los Angeles, California 90017
Telephone: 213.533.5400
Facsimile: 213.687.2660

Attorneys for Defendants
LINDE LLC (formerly known as Linde, Inc., and The BOC Group, Inc.) and LINDE NORTH AMERICA, INC., a Delaware Corporation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAM KOHLI ENTERPRISES, INC., a California Corporation,

Plaintiff,

v.

THE BOC GROUP, INC., a member of the Linde Group; LINDE NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10,

Defendants.

Case No. 11-CV-00299 DMS (BLM)

**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

(Filed concurrently with Separate Statement)

[Removed from San Diego County Superior Court, Case No. 37-2010-00105515]

Defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde North America, Inc. (collectively "Linde"), submit this reply to plaintiff's opposition to Linde's motion to compel plaintiff Sam Kohli Enterprises, Inc. to respond to the first set of requests for production.

## I. INTRODUCTION

Linde filed the motion to compel further responses to the first requests for production to obtain the basic supporting information regarding plaintiff's claims against Linde. The motion

was made after numerous attempts to get plaintiff to properly supplement their responses and respond to the requests. Although plaintiff was provided several opportunities to provide the requested information, it continually failed to do so.

In its opposition, plaintiff has baldly asserted it fulfilled its discovery obligations, provided "complete and straightforward responses in compliance with its responsibilities under Federal Rule of Civil Procedure 26(b)" and the "documents produced are fully responsive to the demand[s]." Plaintiff also claimed it "has engaged defendant's counsel on every occasion" when contacted regarding its improper and evasive responses. However, in direct contradiction to plaintiff's assertion, plaintiff did not respond in any manner whatsoever to Linde's last meet and confer letter. Furthermore, plaintiff's continuous reference to completely nonresponsive documents in its amended responses and failed to properly tailor its responses to only identify responsive documents.

Plaintiff's opposition also asserts plaintiff "has gone above and beyond i[n] its efforts to show good faith" in providing third amended responses to Linde's discovery requests. However, plaintiff clearly did not go "above and beyond," when it merely rephrased its prior, improper responses and referred Linde to numerous unresponsive documents and/or provided virtually identical responses to its earlier improper responses.

Furthermore, plaintiff's opposition claimed plaintiff's prior counsel at Teeple Hall LLP failed to respond to Linde's discovery and asserted "counsel from Next Law Group made every effort possible" to respond to the discovery. This argument is irrelevant and without merit, because plaintiff Sam Kholi Enterprises is the party with the obligation to fully, properly and timely respond to Linde's discovery regardless of who its counsel of record is at the time. Notwithstanding, plaintiff provided evasive and improper amended responses, despite being given numerous opportunities to correct the deficiencies.

As such, plaintiff must either (1) be ordered to provide the requested information, or (2) be precluded from later introducing any evidence and/or documents encompassed by the requests for production in issue.

## II. PLAINTIFF CONCEDES THE MASTER RATES AND SERVICES ADDENDUM DICTATES THE TERMS OF THE AGREEMENT

During the chambers telephonic conference with plaintiff's counsel and court clerk on July 3, 2012, plaintiff's counsel contended the Master Rates and Services addendum, which was attached to the contract and identified the four classifications to be assigned to temporary employees, did not dictate the terms of the contract. Instead, plaintiff's counsel claimed the temporary employees could be classified under different, unspecified terms and descriptions and, as a result, Linde could be charged a higher rate for each employee, such as 44%.

Interestingly, in its opposition at page 2, plaintiff conceded the Master Rates and Services addendum governed the terms of the contract, specifically the classifications and rates that could be assigned to each of the temporary employees. As indicated in Linde's underlying motion (and conceded in plaintiff's opposition), there were only four possible classifications that could be assigned to the temporary employees and four corresponding rates that could be charged to Linde (excluding the 2% rate increase if the temporary employee worked in Pennsylvania): (1) professional (15.75%); (2) clerical (17.75%); (3) light industrial (20.75%); and (4) industrial (24.75%).

As such, plaintiff has admitted that several of its responses are inadequate and improper, because numerous responses refer to a spreadsheet plaintiff created during this litigation that asserts a 44% rate should be charged for each and every temporary employee. However, plaintiff's opposition conceded the 44% rate does not exist within the terms of the contract plaintiff claims was breached in its first cause of action, which is incorporated into every other cause of action. (Plaintiff's Opposition, p. 2.) Accordingly, the only contract classifications available are professional, clerical, light industrial and industrial. The only rates available are those associated with those four specific classifications. Therefore, plaintiff's responses to discovery and the documents it produced must relate to those specific contract terms, not the terms that plaintiff has fabricated out of whole cloth. As established herein, plaintiff's responses are improper and insufficient. Therefore, Linde's motion should be granted.

## III. DESPITE PLAINTIFF'S ASSERTIONS, PLAINTIFF HAS NOT CONTINUALLY MET AND CONFERRED WITH COUNSEL FOR LINDE

In its opposition, plaintiff claimed it "has fully engaged defendant's counsel on every occasion" and "after three amended responses to these requests for production, that it has fulfilled its discovery allegations [*sic*] and provided complete and straightforward responses in compliance with its responsibilities under Federal Rule of Civil Procedure 26(b)." However, that simply is not true.

First and foremost, plaintiff has not engaged counsel for Linde on every occasion when contacted regarding plaintiff's improper and evasive discovery responses. On June 4, 2012, counsel for Linde sent yet another letter to plaintiff's counsel regarding the evasive and improper third amended responses to special interrogatories and requests for production, which requested full and proper responses by June 7, 2012. (Ex. 13 to Linde's Motion to Compel.) Counsel for Linde also notified plaintiff's counsel of its intent to file a motion to compel if full and proper responses were not received by that date. At the time of the filing of Linde's motion, no further responses were received from plaintiff. More significantly, plaintiff's counsel did not attempt to contact counsel for Linde to discuss plaintiff's improper responses after that letter.

Accordingly, it is clear plaintiff did not continually meet and confer with counsel for Linde on every occasion.

## IV. PLAINTIFF DID NOT PROPERLY RESPOND TO REQUESTS FOR PRODUCTION AND DID NOT ADEQUATELY TAILOR ITS AMENDED RESPONSES

Plaintiff also did not properly tailor its further responses to the requests for production, despite plaintiff's assertion it provided "complete and straightforward" amended responses. Instead, plaintiff continued to identify the same categories of documents, most of which were totally unresponsive to the requests. For instance:

Request for Production No. 2 sought all documents *submitted by Payrolling.com to Linde* in connection with any job descriptions/classifications of temporary employees it provided to Linde. In its opposition, plaintiff claimed the "Rate Matrix, the Linde Service Agreement, the Linde Process Plants Agreement, various printed emails between individuals at SKE, and a

detailed spreadsheet setting forth the rates charged and amounts billed for each employee" are fully responsive to the request. Yet, among the emails identified by plaintiff is an email from Payrolling.com employee Christine Bowden to Sam Kholi, which is obviously an internal communication between the employees of plaintiff that was only produced during discovery. It is not a document that was submitted to Linde. In addition, the spreadsheets are not documents which were submitted to Linde, but rather are spreadsheets that were created during this litigation and produced during discovery. The production of and/or reference to nonresponsive documents does not constitute a "complete and straightforward" amended response.

As another example, Requests for Production Nos. 4, 5 and 8 sought all documents that relate to the actual classification assigned to each temporary employee under the contract who plaintiff contends was misclassified, the contractual classification plaintiff contends would be proper for each of those temporary employees and the documents that support plaintiff's claim the temporary employees were misclassified. In its opposition, plaintiff asserted it responded fully by providing job descriptions, printed e-mail communications and the "Linde_Spreadsheet." Again, the spreadsheet is a document that was created for and during this litigation. It is not a document that relates to the classifications that were assigned to each employee *at the time they were processed and supplied to Linde*. At best, the spreadsheet is plaintiff's or its counsels' summary of information and contentions. Linde requested the actual data/information that was used to create the spreadsheet, but plaintiff failed to produce that underlying information. As such, plaintiff's response remains improper and incomplete.

Plaintiff's opposition also refers to Request for Production No. 9 and plaintiff's response thereto, but that request is not at issue in the underlying motion. As such, plaintiff's response to that request is irrelevant to the motion.

Requests for Production Nos. 10 and 11 sought the personnel files and contractor employee packets for each temporary employee plaintiff claims was misclassified. In its opposition, plaintiff claimed it provided all responsive documents to the requests, including personnel files, "Timesheets Reports," "Payroll Reports," "Linde Invoices," employee packets and a "Payroll Report" spreadsheet. However, plaintiff's representation is not accurate. First,

numerous employee packets that were produced do not relate to an employee who plaintiff previously identified as the employees it contends were misclassified. As such, those employee packets are nonresponsive and should not have been included in plaintiff's response. Second, plaintiff did produce readable versions of the "Payroll Report" or "Timesheets Report." As such, the documents do not convey any information whatsoever and plaintiff obviously did not fulfill its discovery obligations. Third, plaintiff did not produce documentation that relates to all employees who are in issue.

Request for Production No. 17 sought all documents that refer or relate to Payrolling.com's review of the job descriptions of any temporary employee it provided to Linde. In its opposition, plaintiff stated it gave a "diligent response" which "provided Linde with documents detailing job descriptions, printed email communications, and Temporary Authorization Agreements." Again, plaintiff's representation is simply not true. For example, the Temporary Assignment Agreements are not responsive, because *those documents were actually submitted by Linde to plaintiff.* They do not indicate a review of the job description of any employee was performed by Payrolling.com. As such, the Temporary Assignment Agreements are nonresponsive and should not have been included in plaintiff's response. Linde is entitled to documents created by Payrolling.com in regard to its review of any job descriptions.

Requests for Production Nos. 25 and 28 sought the documents on which plaintiff relies to support its claim of damages. In its opposition, plaintiff asserted it "provided documents that directly responded to these requests" with documents that "could not be more on point in responding to these interrogatories [*sic*]." First, plaintiff's opposition referenced Requests for Production Nos. 26 and 27 and plaintiff's response thereto, but those responses are irrelevant as they are not at issue in the underlying motion. Second, plaintiff again referred Linde to the "Linde_Spreadsheet," which is plaintiff's or its counsels' summary of information and contentions. Plaintiff did not provide the underlying documents, information or data used to create the spreadsheet. More importantly, the spreadsheet indicates plaintiff contends the damages for each and every worker are based on a "44% Construction rate." However, as conceded by plaintiff at page 2 of its opposition, there is no provision in the contract that provides

for such a rate and plaintiff failed to produce any documentation that supports its contention a 44% rate could be applied. As such, the spreadsheet is not responsive. Third, the Temporary Authorization Agreements do not establish the monetary damages plaintiff contends it sustained. Therefore, plaintiff's response is improper.

Finally, Request for Production No. 29 sought the documents that refer to any requests by Payrolling.com to Linde for additional information regarding the job descriptions of any temporary employee it provided to Linde. Plaintiff's opposition ignores this request and does not explain in any manner why its response to Request for Production No. 29 is not improper. As such, it appears plaintiff concedes its response is improper and Linde is entitled to a full and proper response.

Clearly, plaintiff did not provide "complete and straightforward" responses to the requests for production and, therefore, Linde's motion should be granted.

## V. PLAINTIFF MUST BE PRECLUDED FROM SUBSEQUENTLY INTRODUCING OR RELYING ON SUCH INFORMATION TO SUPPORT ITS CLAIMS AGAINST LINDE

In its opposition, plaintiff contends it has met its discovery obligations and provided complete and straightforward responses to discovery. However, as the foregoing establishes, plaintiff repeatedly failed to fulfill its discovery obligations and continually produced nonresponsive documents to the requests.

Federal Rule of Civil Procedure 37 authorizes the court to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules, including monetary and evidentiary sanctions. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Where relevant evidence is not provided during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. *See Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) ("the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial.") The general rule that a party must fail to obey an order before the court enters an evidence or issue sanction does not apply here. If the order to compel would be futile, the Court may instead impose an issue sanction. *New Albertsons, Inc. v.*

*Superior Court*, 168 Cal.App.4th 1403, 1426 (2008) ("a prior order may not be necessary where it is reasonably clear that obtaining such an order would be futile"); *Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns*, 7 Cal.App.4th 27, 36 (1992) ("it is conceded that plaintiffs are unable to provide the promised items of discovery [and] [u]nder the circumstances of this case, a warning to plaintiffs, in the form of a formal order to comply, would have been futile").

Here, the requests for production sought information directly relevant to the claims at issue in this case. However, plaintiff continually failed to provide proper responses and instead produced a mass of undifferentiated, nonresponsive documents. Plaintiff now claims it has produced all the documents in its possession. As such, an issue sanction is appropriate to preclude plaintiff from later introducing any documents or evidence regarding alleged misclassifications of temporary employees, which plaintiff should have already provided in response to Linde's discovery.

## **CONCLUSION**

For the reasons set forth above, defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde North America, Inc. respectfully request that this Court grant the motion.

Dated: July 20, 2012

**BROWN EASSA & McLEOD LLP**

By: /s/ Philip R. Cosgrove
PHILIP R. COSGROVE
RYAN E. COSGROVE

Attorneys for Defendants
LINDE LLC (formerly known as Linde, Inc., and The BOC Group, Inc.) and LINDE NORTH AMERICA, INC., a Delaware Corporation

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 801 South Figueroa Street, Suite 1700, Los Angeles, California 900017. On July 20, 2012, I served a copy of the within document(s):

**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

☒ by transmitting via Electronic Case Filing the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

David Griffin, Esq.
NEXT LAW GROUP
501 West Broadway , Suite 800
San Diego, CA 92101

*Attorneys for Plaintiff*

*(619) 222-0888*
*(619) 964-2075*

*Next.lawgroup@gmail.com*

Executed on July 20, 2012, at Los Angeles, California.

Liv Kirchoff