PHILIP R. COSGROVE, Bar No. 92564
PCosgrove@browneassa.com
RYAN E. COSGROVE, Bar No. 277907
RCosgrove@browneassa.com
**BROWN EASSA & McLEOD LLP**
801 S. Figueroa Street, Suite 1700
Los Angeles, California 90017
Telephone:  213.533.5400
Facsimile:  213.687.2660

Attorneys for Defendants
LINDE LLC (formerly known as Linde, Inc., and
The BOC Group, Inc.) and LINDE NORTH
AMERICA, INC., a Delaware Corporation

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM KOHLI ENTERPRISES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BOC GROUP, INC., a member of the Linde Group; LINDE NORTH AMERICA, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 11-CV-00299 DMS (BLM)<br><br>**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO SECOND SPECIAL INTERROGATORIES**<br><br>[Removed from San Diego County Superior Court, Case No. 37-2010-00105515] |

Defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde North America, Inc. (collectively "Linde"), submit this reply to plaintiff's opposition to Linde's motion to compel plaintiff Sam Kohli Enterprises, Inc. to respond to the second special interrogatories.

### I.   INTRODUCTION

Linde filed the motion to compel responses to the second special interrogatories to obtain the identity of each worker's compensation insurance company that provided coverage for any

- 1 -

individual who was employed in connection with the contract. The motion was made after plaintiff failed to provide a timely response and ignored Linde's subsequent attempt to obtain a response. Although plaintiff was provided an additional opportunity to provide the requested information, it failed to do so.

In its opposition, plaintiff baldly asserted it "has had difficulty in obtaining the information required to respond" to the second special interrogatories, "but has ultimately collected it and provided it to defendant today, July 13, 2012." Plaintiff also claims it "has not engaged in any discovery abuses, or violations of FCRP 37 or FRCP 33." However, in direct contradiction to plaintiff's assertion, plaintiff did not respond in any manner whatsoever to the special interrogatories until a week *after* Linde filed the underlying motion. It is clearly an abuse of the discovery process to fail to timely respond to discovery and to fail to respond until after a motion to compel is pending before the Court.

Plaintiff's opposition also claimed plaintiff's prior counsel at Teeple Hall LLP failed to respond to Linde's discovery and asserted "counsel from Next Law Group made every effort possible" to respond to the discovery once it assumed representation of plaintiff. This argument has absolutely no merit, because the second special interrogatories and requests for production were served on May 3, 2012, well after the date the Next Law Group assumed representation of plaintiff. More significantly, plaintiff has not made every effort to respond to the second special interrogatories. To the contrary, plaintiff only served responses on July 13, 2012, after the motion was filed and well after the response date.

Furthermore, plaintiff's assertion "its actions have demonstrated a genuine effort to fulfill its discovery responsibilities under Federal Rule of Civil Procedure 26(b)" rings hollow. Plaintiff has not set forth a shred of evidence to explain why it failed to timely respond to the second special interrogatories or counsel for Linde's meet and confer letter regarding plaintiff's failure to respond. Instead, plaintiff falsely claims it had "difficulty in obtaining the information." Even a cursory review of plaintiff's responses, which essentially states "none," refutes that argument. Further, plaintiff provided no evidence regarding the "arduous" efforts it was required to employ to obtain the information or what difficulties it purportedly experienced.

## II. PLAINTIFF DID NOT ATTEMPT TO RESOLVE ITS FAILURE TO RESPOND TO THE SECOND SPECIAL INTERROGATORIES

In its opposition, plaintiff falsely claimed it "has fully engaged defendant's counsel on every occasion" and plaintiff "was unable to provide responses until … July 13, 2012, but it is plaintiff's position that its actions have demonstrated a genuine effort to fulfill its discovery responsibilities." That simply is not true.

First and foremost, plaintiff has not engaged counsel for Linde on every occasion. On June 14, 2012, counsel for Linde sent a letter to plaintiff's counsel regarding plaintiff's failure to respond to the second set of discovery as required by June 5, 2012. The letter informed plaintiff that failure to timely respond to discovery constitutes a waiver of any objections thereto. It also demanded that plaintiff provide full and complete responses, without objection, by June 20, 2012, or Linde would be required to file motions to compel. At the time of the filing of the underlying motion, absolutely no responses were received from plaintiff. More significantly, plaintiff's counsel made no attempt to contact counsel for Linde regarding the outstanding discovery responses.

Accordingly, it is clear plaintiff's actions do not amount to a "genuine effort to fulfill its discovery responsibilities" or to "fully engage[ ] defendant's counsel on every occasion."

## III. PLAINTIFF'S RESPONSE TO THE SECOND SPECIAL INTERROGATORIES CASTS SERIOUS DOUBT ON PLAINTIFF'S CLAIMS AGAINST LINDE

The interrogatory in issue required plaintiff to identify each worker's compensation insurance company that provided coverage for any individual who was employed in connection with the Payrolling.com Unified Services Agreement, which would allow Linde to subpoena information concerning the amount plaintiff was charged for each temporary employee. In its response, plaintiff unambiguously stated "[t]here were none."

The crux of plaintiff's claim is that Linde purportedly provided inadequate information regarding the job descriptions and duties of the employees and that the employees were subjected to greater risks and, therefore, *subject to higher worker's compensation insurance rates.* Plaintiff further asserts it was damaged because it was required to pay higher rates. However, plaintiff

- 3 -

quite clearly and unambiguously stated there was not a single worker's compensation insurance company that provided any coverage for any individual who was employed in connection with the contract. As such, plaintiff clearly was not charged any higher premiums by a worker's compensation insurance company. As such, plaintiff's claim that it sustained damages as a result of misclassifications under worker's compensation is nonsensical.

### IV. PLAINTIFF MUST BE PRECLUDED FROM SUBSEQUENTLY INTRODUCING ANY EVIDENCE OF CLAIMED HIGHER INSURANCE RATES TO SUPPORT ITS CLAIMS OF DAMAGES AGAINST LINDE

Although plaintiff contends it has "gone above and beyond [in] its efforts to show good faith, cooperate with the defendant and abide by the discovery rules," the foregoing establishes plaintiff failed to timely fulfill its discovery obligations and ultimately only provided response to the interrogatories after the motion was pending before the Court.

Federal Rule of Civil Procedure 37(a)(5) provides "the court must ... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65. Rule 37 also authorizes the court to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules, including monetary and evidentiary sanctions. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Here, the special interrogatories sought information directly relevant to plaintiff's claims in this case. However, plaintiff failed to timely respond to discovery and also failed to respond to Linde's meet and confer letter regarding plaintiff's failure to respond. Plaintiff falsely claims it had "difficulty in obtaining the information necessary to respond," but it is difficult to believe it took much effort to determine it had never secured any worker's compensation insurance. More importantly, plaintiff has not supported its assertion by setting forth what difficulties it experienced, what required alleged extra effort to respond, why it failed to timely respond and why it never responded to Linde's meet and confer letter. Monetary sanctions are clearly appropriate here as plaintiff required Linde to file the underlying motion.

- 4 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 2

## CONCLUSION

For the reasons set forth above, defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde North America, Inc. respectfully request that this Court grant the request for monetary sanctions.

Dated: July 20, 2012          **BROWN EASSA & McLEOD LLP**


By: /s/ Philip R. Cosgrove
    PHILIP R. COSGROVE
    RYAN E. COSGROVE

Attorneys for Defendants
LINDE LLC (formerly known as Linde, Inc., and The BOC Group, Inc.) and LINDE NORTH AMERICA, INC., a Delaware Corporation

- 5 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 2

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 801 South Figueroa Street, Suite 1700, Los Angeles, California 900017. On July 20, 2012, I served a copy of the within document(s):

**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO SECOND SPECIAL INTERROGATORIES**

☒ by transmitting via Electronic Case Filing the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| David Griffin, Esq.<br>NEXT LAW GROUP<br>501 West Broadway, Suite 800<br>San Diego, CA 92101 | *Attorneys for Plaintiff*<br><br>*(619) 222-0888*<br>*(619) 964-2075*<br><br>*Next.lawgroup@gmail.com* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 20, 2012, at Los Angeles, California.

_____
Liv Kirchoff
- 6 -

SAM KOHLI ENTERPRISES V. BOC GROUP, LINDE, ET AL., CASE NO. 11 CV-0299 DMS (BLM)
REPLY TO OPPOSITION TO MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET 2