1   PHILIP R. COSGROVE, Bar No. 92564
    PCosgrove@browneassa.com
2   RYAN E. COSGROVE, Bar No. 277907
    RCosgrove@browneassa.com
3   **BROWN EASSA & McLEOD LLP**
    801 S. Figueroa Street, Suite 1700
4   Los Angeles, California  90017
    Telephone:    213.533.5400
5   Facsimile:    213.687.2660

6

    Attorneys for Defendants
7   LINDE LLC (formerly known as Linde, Inc., and
    The BOC Group, Inc.) and LINDE NORTH
8   AMERICA, INC., a Delaware Corporation

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   SAM KOHLI ENTERPRISES, INC., a          Case No.  11-CV-00299 DMS (BLM)
     California Corporation,
13
                    Plaintiff,
14                                           **LINDE'S REPLY TO PLAINTIFF'S**
         v.                                  **OPPOSITION TO MOTION TO COMPEL**
15                                           **FURTHER RESPONSES TO SECOND**
     THE BOC GROUP, INC., a member of the    **REQUESTS FOR PRODUCTION**
16   Linde Group; LINDE NORTH AMERICA,
     INC., a Delaware Corporation; and DOES
17   1 through 10,
                                             [Removed from San Diego County Superior
18                  Defendants.              Court, Case No. 37-2010-00105515]

19

20

21        Defendant The BOC Group, Inc., a member of the Linde Group, and defendant Linde

22   North America, Inc. (collectively "Linde"), submit this reply to plaintiff's opposition to Linde's

23   motion to compel plaintiff Sam Kohli Enterprises, Inc. to respond to the second requests for

24   production.

25

26   **I.    INTRODUCTION**

27        Plaintiff failed to respond to the second request for production and ignored Linde's

28   attempts to obtain responses.  Accordingly, Linde was required to file the motion to compel

                                    - 1 -

1   responses to the second requests for production, which sought basic information regarding

2   plaintiff's claims in this case, such as documents indicating any modifications to the rates or

3   classifications set forth in the Payrolling.com Unified Services Contract and documents related to

4   the amounts charged and paid to any worker's compensation carrier.  Although plaintiff was

5   provided additional time and an opportunity to provide the requested information before the filing

6   of the motion, it failed to do so.  Plaintiff even failed to provide responses after the matter was

7   discussed with the Court Clerk during the telephonic conference on July 3, 2012.

8          In its opposition, plaintiff has falsely asserted it "has had difficulty in obtaining the

9   information required to respond" to the second requests for production, "but has ultimately

10   collected it and provided it to defendant today, July 13, 2012."  Plaintiff also asserted it "has not

11   engaged in any discovery abuses, or violations of FCRP 37 or FRCP 33."  However, in direct

12   contradiction to plaintiff's assertion, plaintiff did not respond in any manner whatsoever to the

13   requests for production until a week *after* Linde filed the underlying motion.  More importantly,

14   although plaintiff served a written response, plaintiff did not produce a single item in response to

15   the requests.  It is clearly an abuse of the discovery process to fail to timely respond to discovery

16   and wait to respond until a motion to compel is already pending before the Court to provide an

17   inadequate response that does not produce the requested items.  Furthermore, the responses

18   plaintiff provided are wholly deficient and fail to properly identify what documents plaintiff will

19   eventually produce at some unknown and unspecified time.

20          Plaintiff's opposition also claimed plaintiff's prior counsel at Teeple Hall LLP failed to

21   respond to Linde's discovery and asserted "counsel from Next Law Group made every effort

22   possible" to respond to the discovery once it assumed representation of plaintiff.  This argument

23   is irrelevant and has absolutely no merit, because the second special interrogatories and requests

24   for production were served on plaintiff on May 3, 2012, well after the date the Next Law Group

25   assumed representation of plaintiff.  More significantly, plaintiff has not made every effort to

26   respond to the second requests for production, as plaintiff just served its responses on July 13,

27   2012, well after the response date.

28          Furthermore, plaintiff asserted "its actions have demonstrated a genuine effort to fulfill its

- 2 -

1    discovery responsibilities under Federal Rule of Civil Procedure 26(b)." That assertion also has

2    no merit, since plaintiff has neither produced a single document nor set forth a shred of evidence

3    to explain why it failed to timely respond to the second requests for production or counsel for

4    Linde's meet and confer letter regarding plaintiff's failure to respond. Plaintiff merely claimed it

5    had "difficulty in obtaining the information." Yet, plaintiff provided no evidence regarding any

6    efforts to obtain the information or an explanation of the alleged difficulties it purportedly

7    experienced.

8    **II.    DESPITE PLAINTIFF'S ASSERTIONS, PLAINTIFF DID NOT ATTEMPT TO**
     **RESOLVE ITS FAILURE TO RESPOND TO THE SECOND REQUESTS FOR**
9    **PRODUCTION**

10         In its opposition, plaintiff claimed it "has fully engaged defendant's counsel on every

11   occasion" and plaintiff "was unable to provide responses until … July 13, 2012, but it is

12   plaintiff's position that its actions have demonstrated a genuine effort to fulfill its discovery

13   responsibilities." However, that simply is not true.

14         First and foremost, plaintiff has not engaged counsel for Linde on every occasion when

15   contacted regarding plaintiff's discovery responses. On June 14, 2012, counsel for Linde sent a

16   letter to plaintiff's counsel notifying counsel of plaintiff's failure to respond to the second set of

17   discovery as required by June 5, 2012. The letter informed plaintiff that failure to timely respond

18   to discovery constitutes a waiver of any objections thereto. It also demanded that plaintiff

19   provide full and complete responses, without objection, by June 20, 2012, or Linde would be

20   required to file motions to compel. At the time of the filing of the underlying motion, no

21   responses were received from plaintiff.  More significantly, plaintiff's counsel did not attempt to

22   contact counsel for Linde regarding the outstanding discovery responses.

23         Accordingly, it is clear plaintiff's complete disregard of the discovery and counsel for

24   Linde's attempts to obtain response do not amount to a "genuine effort to fulfill its discovery

25   responsibilities" or engaging counsel for Linde "on every occasion."

26   ///

27   ///

28   ///

III.   **PLAINTIFF'S UNTIMELY "RESPONSE" TO THE SECOND REQUESTS FOR PRODUCTION ARE WHOLLY DEFICIENT AND DO NOT SATISFY PLAINTIFF'S DISCOVERY OBLIGATION**

The party responding to requests for production has an obligation to conduct a reasonable inquiry into the factual basis of its responses to the requests. *Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). In addition, the responding party "may not simply refer generically to past or future production of documents." *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996).

Plaintiff's opposition claimed plaintiff "has agreed to furnish all information … that is within its possession, custody, or control" and, thus, the motion to compel "is no longer necessary." However, in each and every response to the second requests for production, plaintiff merely stated "[a]ll such documents in the possession, custody or control of SKE which SKE has not previously produced, will be produced." Nothing was produced. Simply promising the future production of documents in an untimely response to a discovery request does not satisfy plaintiff's discovery obligation. Plaintiff had more than ample time to actually produce documents, but it has failed to do so.

Plaintiff vaguely stated it will produce documents for each and every request, if it has not already done so. Plaintiff did not specifically state it will actually produce documents or that there are no documents. Nor did plaintiff identify the documents it will produce to the individual requests. Plaintiff will also clearly fail to meet its Federal Rule of Civil Procedure 34 obligations by relying on a claim that all responsive documents were previously produced or, as it has done in the past, producing a group of undifferentiated documents and mingling responsive documents with large numbers of nonresponsive documents. *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 585 (C.D. Cal. 2011). Although plaintiff claims it "ultimately provided the responses," the responses are deficient and do not satisfy plaintiff's discovery obligations. As a result, Linde is in the exact same position as when plaintiff had not responded to the requests. Plaintiff did not provide any documents, merely referred to a future production of unidentified documents, did not provide a date by which it will allegedly produce the documents and did not

- 4 -


1    identify the documents it will produce.  Accordingly, the motion should be granted.

2

**IV.    PLAINTIFF MUST BE PRECLUDED FROM SUBSEQUENTLY INTRODUCING**
3    **DOCUMENTS OR EVIDENCE TO SUPPORT ITS CLAIMS AGAINST LINDE**

4            In its opposition, plaintiff contends it has "gone above and beyond [in] its efforts to show

5    good faith, cooperate with the defendant and abide by the discovery rules."  However, as the

6    foregoing establishes, plaintiff failed to timely comply with its discovery obligations and

7    ultimately only provided an untimely and inadequate "response" to the requests for production

8    after the motion was already pending before the Court.

9            Federal Rule of Civil Procedure 37(a)(5) provides "the court must ... require the party or

10   deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

11   both to pay the movant's reasonable expenses incurred in making the motion, including attorney's

12   fees."  *See also Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65.  In addition, Rule 37 authorizes

13   the court to impose a wide range of sanctions when a party fails to comply with the rules of

14   discovery or with court orders enforcing those rules, including monetary and evidentiary

15   sanctions.  *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

16          Here, the requests for production sought information directly relevant to the claims at

17   issue in this case.  However, plaintiff failed to timely respond to discovery and also failed to

18   respond to Linde's meet and confer letter regarding plaintiff's failure to respond.  Plaintiff now

19   claims it had "difficulty in obtaining the information necessary to respond," but did not set forth

20   what difficulties it experienced, why it failed to timely respond and why it never responded to

21   Linde's meet and confer letter.  As such, monetary sanctions are appropriate as plaintiff required

22   Linde to file the underlying motion.

23

24                                          **CONCLUSION**

25          For the reasons set forth above, defendant The BOC Group, Inc., a member of the Linde

26   Group, and defendant Linde North America, Inc. respectfully request that this Court grant the

27   motion.

28

- 5 -

1

Dated: July 20, 2012                              **BROWN EASSA & McLEOD LLP**

2

3

By:  /s/ Philip R. Cosgrove

4                                                  PHILIP R. COSGROVE
                                                   RYAN E. COSGROVE
5

Attorneys for Defendants
6                                                  LINDE LLC (formerly known as Linde, Inc.,
                                                   and The BOC Group, Inc.) and LINDE
7                                                  NORTH AMERICA, INC., a Delaware
                                                   Corporation
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 801 South Figueroa Street, Suite 1700, Los Angeles, California  900017.  On July 20, 2012, I served a copy of the within document(s):

**LINDE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO SECOND REQUESTS FOR PRODUCTION**

⊠   by transmitting via Electronic Case Filing the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

David Griffin, Esq.                          *Attorneys for Plaintiff*
NEXT LAW GROUP
501 West Broadway , Suite 800            *(619) 222-0888*
San Diego, CA 92101                      *(619) 964-2075*

                                         *Next.lawgroup@gmail.com*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 20, 2012, at Los Angeles, California.

_____
Liv Kirchoff

- 7 -